SMITH, Acting Chief Judge.
Mims and Hutto were jointly charged and tried for burglary. Mims’ motion for a separate trial was denied. During the joint trial, over objection by Mims, the state was permitted to adduce evidence of oral and written confessions given by Hutto which implicated Mims. A passing attempt to disguise Hutto’s incriminating references to Mims was made by substituting pronouns and other words in place of Mims’ name. The altered confession thus read in part as follows:
Question: On 19 December, 1976, were you at a cabin on the Oklawaha River with another subject? Answer: Yes, sir. Question: Did either of you pull or push in the screen to the back door? Answer: Another person did.
Question: Did the two of you then go through the screen and onto the porch? Answer: Yes.
Question: Who went in first? Answer: The other person.
Question: What happened after you and he were on the porch? Answer: He told me to look into the house and see how pretty it is and then he said he was going to get in and he asked me about a hunting knife. I told him I didn’t carry one, and he got a lawnmower blade and that is what was used.
Question: What did he use the mower blade for? Answer: To pry the door.
Other testimony established that Mims and Hutto were together near the cabin at the time when, under the state’s theory of the case, the cabin was entered. The jury could not have supposed that Hutto referred to anyone other than appellant Mims *707 in his incriminating statement, brother was another character in the scenario, but Hutto’s quoted statement referred independently to Mims’ brother, and so could not have been understood by the jury as referring to anyone but appellant Mims himself. Mims was convicted of trespass. Mims’
The receipt in evidence of Hutto’s statement, unsatisfactorily expurgated, deprived appellant Mims of his right to confront and cross-examine the witnesses against him, including co-defendant Hutto, who did not testify. Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968); Cook v. State, 353 So.2d 911 (Fla. 2d DCA 1977). The evidence of appellant’s guilt was not so overwhelming as to render the error harmless. See Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).
REVERSED.
ERVIN, J., concurs.
BOOTH, J., dissents.